UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR PUBLIC INTEGRITY |
910 17th Street, N.W., 7th Floor |
Washington, DC 20006-2606, |
|
    Plaintiff, |
|
v. | Civil Action No.
|
U.S. DEPARTMENT OF HEALTH AND |
    HUMAN SERVICES |
200 Independence Ave., S.W. |
Washington, DC 20201-0004 |
|
    Defendant. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S. C. §§ 2201, 2202. Plaintiff seeks injunctive and declaratory relief to invalidate a determination by a component of defendant Department of Health and Human Services that plaintiff 1) does not qualify for treatment as a "representative of the news media" within the meaning of the FOIA, and 2) is therefore not entitled to favorable processing fee status under the FOIA.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action, and venue lies in this district, pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202.

**Parties**

3. Plaintiff, Center for Public Integrity, is a District of Columbia corporation, a tax-exempt public charity and a nonprofit, nonpartisan, non-advocacy, independent journalism

organization based in Washington, D.C. "The mission of the Center for Public Integrity is to produce original investigative journalism about significant public issues to make institutional power more transparent and accountable." Mission Statement, http://www.publicintegrity.org/about/about.aspx?act=mission.

4. Defendant U.S. Department Of Health and Human Services ("HHS") is an agency of the United States. The Public Health Service ("PHS") is a component agency of defendant HHS.

### Plaintiff's Freedom of Information Request

5. By letter to PHS dated February 14, 2006, plaintiff requested copies of grants, contracts and/or agreements made through HHS in relation to the President's Emergency Plan for Aids Relief (Pepfar) since 2003.

6. In its request letter, plaintiff noted it was "filing this FOIA request as a 'representative of the news media.'" FOIA provides that for a representative of the news media, fees may include duplication charges but not search charges, "when records are not sought for commercial use." 5 U.S.C. § 552(a)(4)(A)(ii).

7. The request letter included this information: "The Center for Public Integrity is a nonpartisan, nonprofit, investigative reporting, based in Washington, D.C., whose mission is to examine and write about public service and ethics-related issues. The International Consortium of Investigative Journalists was created in 1997 as a project of the Center for Public Integrity. For more information on the Center for Public Integrity, ICIJ and their online publication, please refer, respectively, to http://www.publicintegrity.org, http://www.icij.org, and http://www.public-i.org."

**Defendant's Processing of Plaintiff's Request**

8.  By letter to plaintiff dated February 22, 2006, PHS acknowledged receipt of plaintiff's FOIA request and stated that it had classified plaintiff as "Category III – Other Requestors." The effect of this classification, it said, was that "we will waive fees for the first 100 pages of duplication and the first two hours of search time. You will, however, be responsible for additional search and duplication charges."

9.  Plaintiff repeated its request to PHS for classification as a representative of the news media.

10. By letter to plaintiff dated April 19, 2006, PHS responded to plaintiff's FOIA request, asserting that it was "unable to grant your request for fee classification change," citing HHS's public information regulations, which implement FOIA, and specifically 45 C.F.R. § 5.45. PHS advised that, based upon the "Category III" classification, "Current charges for search are at the rates of $19, $38, and $69 per hour, depending on the grade of the employee performing the search. … [T]he search for records is expected to exceed 12 hours, at the $38 and $69 rates."

11. By letter to defendant HHS dated May 26, 2006, plaintiff appealed the denial of its request to receive classification "as a representative of the media" under FOIA.

12. HHS contended in its response letter that "[t]he CPI web site acknowledges that it is a broker of information. Therefore, CPI is a secondary contributor, not a primary news-gathering organization." In its appeal plaintiff contested these statements, pointing out that plaintiff is not "a broker of information," and that its Web site states that "Through objective and thorough analyses, the Center hopes to serve as an honest broker of information and to inspire a

3

better-informed citizenry that can demand a higher level of accountability from its government and elected leaders." See, e.g., http://www.publicintegrity.org/about/release.aspx?aid=36.

13.     With its appeal letter, plaintiff Center for Public Integrity supplied a list of nine major journalism awards it received in 2005 and 32 additional awards received from 1996 through 2004. The appeal letter noted that these awards were "conferred on us by other representatives of the news media who consider us to be one of their own."

### Plaintiff's Entitlement to Favorable Processing Fee

14.     Plaintiff qualifies to be classified as a "representative of the news media" under FOIA.

15.     Defendant HHS's assessment of search fees against plaintiff violates the fee provisions of FOIA.

16.     Defendant HHS's refusal to process plaintiff's FOIA request until plaintiff agrees to pay search fees constitutes a wrongful withholding of the requested agency records.

17.     On information and belief, PHS and defendant HHS have adopted a policy and practice of interpreting applicable regulations so as to deny plaintiff the favorable fee assessment status accorded to representatives of the news media.

18.     Plaintiff requests information from PHS and from other components of defendant HHS on a continuing basis. Defendant HHS's policy with respect to plaintiff's entitlement to classification as a "representative of the news media" constitutes a continuing barrier to plaintiff's access rights under FOIA.

### Exhaustion of Administrative Remedies

19.     More than twenty working days have passed since defendant received plaintiff's appeal. Defendant has not made a determination with respect to plaintiff's appeal.

20.     Plaintiff has exhausted all applicable administrative remedies.

## **Demand for Relief**

WHEREFORE, plaintiff requests that this Court:

1.      Order defendant and its component agencies to classify plaintiff as a "representative of the news media" for purposes of assessing processing fees associated with plaintiff's FOIA requests;

2.      Issue a declaration that plaintiff qualifies as a "representative of the news media" for purposes of assessing processing fees associated with plaintiff's FOIA requests;

3.      Award plaintiff its costs and reasonable attorneys' fees in this action; and

4.      Grant such other and further relief as the Court deems just and proper.

                                    Respectfully submitted,

                                    /s/
                                Peter Newbatt Smith
                                D.C. Bar #458244
                                Center for Public Integrity
                                910 17th Street, N.W., 7th Floor
                                Washington, DC 20006-2606
                                202-481-1239

                                Attorney for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Center for Public Integrity

## DEFENDANTS

U.S. Department of Health and Human Services

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

CASE NUMBER  1:06CV01818

JUDGE: John D. Bates

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 10/23/2006

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter Newbatt Smith, Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239, psmith@publicintegrity.org

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|-----|-----|---|-----|-----|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

[ENTRANCE stamp: OCT 2 3 2006 JOHN MARSHAL]

| ○ G. *Habeas Corpus/* *2255* ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ○ H. *Employment* *Discrimination* ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ⊙ I. *FOIA/PRIVACY* *ACT* ☒ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ○ J. *Student Loan* ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA* *(non-employment)* ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights* *(non-employment)* ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ○ M. *Contract* ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ○ N. *Three-Judge Court* ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. §552 (Freedom of Information Act) for Injunctive and declaratory relief

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ injunctive relief   JURY DEMAND: YES ☐ NO ☒   Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  October 23, 2006   SIGNATURE OF ATTORNEY OF RECORD  [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.