**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Center for Public Integrity, | \| |
| | \| |
|     Plaintiff, | \| |
| | \| |
| v. | \|  Civil Action No. 06-1818 (JDB) |
| | \|  ECF |
| U.S. Department of Health and Human Services, | \| |
| | \| |
|     Defendant. | \| |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff, Center for Public Integrity, hereby submits its reply memorandum in support of its cross-motion for summary judgment. Summary judgment is appropriate and required because there is no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law.

<u>**ARGUMENT**</u>

**I.    <u>THE ADMINISTRATIVE RECORD MUST INCLUDE INFORMATION ON PLAINTIFF'S WEB SITE PRESENTED BY PLAINTIFF DURING ADMINISTRATIVE PROCEEDINGS.</u>**

In its Reply and Opposition (Def.'s Reply/Opp.) at 2-4, Defendant has objected to Plaintiff's citations to information on Plaintiff's Web site (http://www.publicintegrity.org/), even though Plaintiff made similar or identical citations during the agency's consideration of Plaintiff's requests.

Plaintiff's submissions during the administrative process were both general and specific. The Center's FOIA requests, on December 21, 2005, and February 14, 2006, each cited the "home pages" http://www.publicintegrity.org, http://www.icij.org, and http://www.public-i.org. Exh. A, at 2; Exh. D, at 2. Three subsequent letters specifically asked HHS to review the

Center's recent publications at http://www.publicintegrity.org/archives.aspx. Exh. F, at 1-2; Exh. C, at 1; Exh. H, at 1.

HHS did, in fact, review information of its choosing on Plaintiff's Web site. Exh. E, at 2; Exh. G, at 2: and *see* Declaration of Darlene Christian. Plaintiff therefore had no reason to suspect that HHS would object to reviewing other information that Plaintiff believed to be more relevant.

HHS now complains for the first time that it should not be "required to go online" to review information the Center asked it to consider. Def.'s Reply/Opp. At 3. On November 30, 2006, HHS wrote to the Center "to obtain additional information from CPI in order to complete processing and issue a final agency determination" of Plaintiff's administrative appeals. Exh. G, at 1. As part of the additional information it sought, HHS could have asked for printed copies of relevant Web pages, but it did not do so.

In response to Defendant's expressed concern (*see* Def.'s Reply/Opp. at 8) that accessing this information online would be burdensome for the Court, Plaintiff is filing PDF images of Web pages cited in Plaintiff's previous Memorandum. See Exhibits A and B to the Declaration of Chatchai Sae-Tung.

II.  **EVEN UPON THE NARROW ADMINISTRATIVE RECORD DEFENDANT ARGUES FOR, IT IS CLEAR THAT PLAINTIFF IS A REPRESENTATIVE OF THE NEWS MEDIA.**

The language in the Center's original FOIA requests was, concededly, not a model of clarity and devoted more detail to the Center's qualification for a public interest fee waiver than to its requests for news media status. Nevertheless, they contain sufficient information to establish that the Center is a journalistic organization and a representative of the news media. They stated, "The information will be posted to our newsletter, *The Public i* and on our website,

www.publicintegrity.org, and will be read by a large number of people. We expect the information produced through this and other FOIA requests to serve as the basis for several press releases and articles that explain the actions and operations of government to the general public." Exh. A, at 2; Exh. D, at 2. This description fits comfortably within the District of Columbia Circuit's standard, for purposes of fee categorization under FOIA, that

> [a] representative of the news media is, in essence, a person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.

National Security Archive v. U.S. Dep't of Defense, 880 F.2d 1381, 1387 (D.C. Cir. 1989). The Center's requests plainly state that it produces "articles," "reports" or news "stories," which the Center actively distributes and publicizes. Exh. A, at 2; Exh. D, at 2.

HHS continues to insist that the Center "is a secondary contributor, not a primary news-gathering organization," (Exh. E, at 2, quoted in Def.'s Reply/Opp. at 10), analogizing to the facts in Judicial Watch, Inc. v. U.S. Dep't of Justice, 185 F. Supp. 2d 54, 59 (D.D.C. 2002). The analogy fails because, rather than writing news stories itself, Judicial Watch stated that "'it allows reporters into its offices to inspect the documents' [received under FOIA] and that these reporters may write stories based on the information reviewed." *Id.* In contrast, the Center produces its own original news reports. Although the FOIA requests imprecisely stated that "relevant information from this FOIA request will also be distributed to the general public via major news organizations," the same paragraph talks of "news organizations that referred to our reports," "cited the Center reports," and "featured" the Center's reporting. Exh. A, at 2; Exh. D, at 2. These are all descriptions of the same phenomenon: when one news organization has a newsworthy exclusive report, other news organizations report on the exclusive report.

The Center's numerous journalism awards are also inconsistent with HHS' mistaken theory that the Center is a "middleman or vendor of information" (Exh. G, at 1). The Center's original requests referred to the awards it has received from the Society of Professional Journalists and from Investigative Reporters and Editors Inc. Exh. A, at 3; Exh. D, at 3. With its administrative appeals, the Center included lists of those awards and dozens more. Exh. C, at 2-5; Exh. F, at 3-7. With a few exceptions, such as the "2004 Buddie Award for Best Unknown Database," the awards are clearly for journalism and reporting. *Id.*

For these reasons and the reasons argued in Plaintiff's previous memorandum, Defendant's motion for summary judgment should be denied, and Plaintiff's cross-motion should be granted.

                                                   Respectfully submitted,

                                                   _____/s/_____
                                                   Peter Newbatt Smith
                                                   D.C. Bar #458244
                                                   Center for Public Integrity
                                                   910 17th Street, N.W., 7th Floor
                                                   Washington, DC 20006-2606
                                                   202-481-1239
                                                   psmith@publicintegrity.org

                                                 Attorney for Plaintiff